UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DANIEL MILLER,

        Plaintiff,

   -against-                    ORDER ADOPTING
                                      REPORT AND RECOMMENDATION
                                      07-CV-3533(JS)(WDW)
GEORGE B. ALEXANDER, Chairman, New
York State Executive Division of
Parole, ANTHONY DROZ, Parole Officer

        Defendant.
----------------------------------X
APPEARANCES:

For Plaintiff:        Daniel Miller, Pro Se
                    207 West Broadway
                    Inwood, NY 11096

For Defendant:        Toni E. Logue, Esq.
                    New York State Attorney General's Office
                    200 Old Country Road, Suite 460
                    Mineola, NY 11501

SEYBERT, District Judge:

       On August 23, 2007, Daniel Miller ("Plaintiff") commenced this action alleging that the Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff is subject to a parole condition prohibiting him from driving a motor vehicle without written permission from his parole officer. Plaintiff's Complaint alleges that Defendants unreasonably refused permission for Plaintiff to drive to various medical appointments and drug counseling sessions, for which Plaintiff claims public transportation was not available.

       Also on August 23, 2007, Plaintiff filed a proposed Order to Show Cause seeking a temporary restraining order and preliminary

injunction enjoining Defendants from refusing to grant Plaintiff reasonable driving privileges. This Court denied the temporary restraining order, and referred the motion for a preliminary injunction to Magistrate Judge William D. Wall to report and recommend on whether it should be granted.

On September 28, 2007, Judge Wall issued a Report and Recommendation recommending that the motion be denied and the case be dismissed. Judge Wall explained that Plaintiff and his Parole Officer entered into an agreement, dated September 5, 2007, wherein the Parole Officer gave Plaintiff permission to drive to medical appointments, visits with his Probation Officer, and appointments with drug treatment programs. Because the parties arrived at an agreement resolving Plaintiff's claims, Judge Wall recommended that the preliminary injunction be denied as moot, and the Complaint, which seeks equitable relief only, be dismissed.

Pursuant to Rule 72 of the Federal Rule of Civil Procedure, any objections to the Report were to be filed with the Clerk of the Court within ten days of service of the Report. The time for filing objections has long since expired and no party has objected.

Because Plaintiff received the relief he sought, the Court adopts the Report and Recommendation in its entirety, DENIES Plaintiff's motion for a preliminary injunction, and DISMISSES Plaintiff's Complaint as moot. See Young v. Calhoun, No. 85-CV-

2

7584, 1993 U.S. Dist. LEXIS 15377, at *3 (S.D.N.Y. Nov. 1, 1993) (dismissing portion's of complaint seeking equitable relief on mootness grounds). The Clerk of the Court is directed to mark this matter closed.

SO ORDERED

/s/ Joanna Seybert, U.S.D.J.

Dated:  Central Islip, New York
        August 26, 2008